## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLORIA WILLIAMS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-1151** |
| **v.** | : | **(JUDGE MANNION)** |
| **WILKES BARRE HOSPITAL CO., LLC,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

Before the court is Defendant Wilkes Barre Hospital's motion to dismiss, (Doc. 8), Plaintiff's complaint, (Doc. 1). Defendant filed a brief in support, (Doc. 9); Plaintiff filed a brief in opposition, (Doc. 10). Defendant did not file a reply brief. This case arises out of Plaintiff's termination after almost 40 years of employment with the Defendant. Plaintiff alleges she was terminated because of her age in violation of the Age Discrimination in Employment Act (ADEA). Defendant moves to dismiss the complaint because, in its view, the pleading alleges "nothing more than 'I am 61 years old[,] and I lost my job.'" (Doc. 9 at 7). However, even a casual reading of the complaint reveals sufficient factual allegations to raise a reasonable expectation that discovery will divulge evidence of the required ADEA elements; thus, the court will **DENY** the motion.

## I.    BACKGROUND

The relevant background of this case is taken from the factual allegations set forth in Plaintiff's complaint, (Doc. 1), which the court must accept as true for purposes of Defendant's motion to dismiss.

The Defendant Hospital terminated Plaintiff on November 9, 2021, after she spent 39 years working for the Defendant and its corporate predecessors. Plaintiff was born in 1961, making her about 60 years old on that day. In her 39 years at the Hospital, Plaintiff worked in clinical nursing positions in various departments. She also worked in the Hospital's finance department until September 2019. At that time, she began working as a Performance Improvement Coordinator for the Hospital's Trauma Center Program—the position she was in when Defendant terminated her. Plaintiff had a good work record, and her level of performance was routinely rated as "meets expectations" or better.

On or about October 18, 2021, Plaintiff was called into a meeting with Defendant's CEO, Assistant CEO, and its Chief Operating Officer, Anthony DiBella, along with the rest of the Trauma Center Program staff. DiBella advised the group that the Hospital may pursue other options for the Trauma Center Program, but no decision had yet been made; he did not provide a

specific end date to the group. DiBella suggested that the staff look for other job opportunities at Commonwealth Health, Defendant's parent company.

The next day, Plaintiff emailed DiBella to express her interest in other jobs that might be available to her at the Hospital. Then, seeing an open Case Management RN position online, Plaintiff reached out to Julie Curland, Assistant Director of Case Management, about the position. Curland advised the position had already been filled. However, Curland was willing to meet with Plaintiff because another Case Management position was opening up due to a retirement. Plaintiff also heard another job was opening in the Quality Assurance Department and inquired of the same.

On November 3, the Director of Human Resources contacted Plaintiff and told her that November 5 would be her final day of work unless she accepted a position as House Supervisor by November 5. This was a clinical position—a type of position Plaintiff had not worked in for a long time. Plaintiff tried to discuss the position with the HR director but was told they needed an answer immediately.

On November 4, Plaintiff met with DiBella and expressed her interest in the Case Management RN position. DiBella told Plaintiff that "sounded great," and he left the meeting to discuss Plaintiff filling the position with HR. Curland, confirming DiBella had spoken to HR, asked Plaintiff to shadow or

- 3 -

observe the people in Case Management during the week of November 8. Plaintiff did so; then Curland suggested Plaintiff meet with the Hospital's Employee Relations Specialist to personally tell her that Plaintiff accepted the Case Management RN position. Plaintiff sent the Employee Relations Specialist an email, copying Curland and DiBella, and advising that she was accepting the Case Management RN position. The email also noted that Plaintiff wanted to discuss the transition to the new job.

On November 9, DiBella called Plaintiff into a meeting with HR and told her she was terminated. DiBella explained that Plaintiff would require orientation for the Case Management position and told her she "[was] not fitting into [their] matrix." DiBella said, "it wasn't [Curland], it was [him]." DiBella continued, explaining how everyone in Case Management said how great Plaintiff was. DiBella nonetheless told Plaintiff she was "done" and asked her to hand in her badge. Plaintiff asked about the status of an Orthopedic Navigator position that was posted; DiBella said the position was not being filled and he "[thought] the post was coming down." The Case Management RN position was eventually posted and did not include case management experience as a requirement—only two years of clinical experience, which Plaintiff had.

Defendant offered all other members of the Trauma Center Program staff, who were substantially younger than Plaintiff, new positions within the Defendant's umbrella of medical facilities. One such employee was in her late 40's and had the same position as Plaintiff in the Trauma Center Program; she was offered and accepted a Stroke Registrar position. Plaintiff suspected age discrimination and subsequently brought this suit.

## II.   LEGAL STANDARD

Defendant's motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of a complaint, in whole or in part, if the complaint fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To defeat a motion to dismiss, it is sufficient to allege a *prima facie* case," *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (citing *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017)); "[b]ut it is

not necessary," *id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). "The complaint need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).

## III.   DISCUSSION

Age discrimination cases often involve complex, fact-intensive issues, which thrust the laboring oar on the plaintiff to produce sufficient evidence of the employer's state of mind when firing her—specifically, that age was on the mind. Typically, this is not an easy task for a plaintiff at trial, nor is it an easy task at the summary judgment stage. By contrast, at the motion to dismiss stage, the plaintiff's job is simple: allege enough facts to raise a reasonable expectation that discovery will reveal evidence of each ADEA element. Plaintiff, here, has gone one step further: her complaint contains factual allegations going to each element of an ADEA *prima facie* case. So, Defendant's motion to dismiss the complaint is without merit.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges

of employment because of such individual's age." 29 U.S.C. §623(a). To state a claim for age discrimination under the ADEA, Plaintiff must allege that (1) she is over forty, (2) she is qualified for the position in question, (3) she suffered from an adverse employment decision, and (4) her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)). "In the context of a reduction in force, in order to satisfy the fourth element of a *prima facie* case under the ADEA, a plaintiff must show that the employer retained a sufficiently younger similarly situated employee." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 301 (3d Cir. 2004) (citing *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249-50 (3d Cir. 2002)).

Here, the allegations in Plaintiff's complaint come in the context of a reduction in force and contain several, non-conclusory allegations going to each of the four *prima facie* elements of an ADEA claim. Plaintiff alleges, *inter alia*, (1) she was born in 1961, and thus was well over the age of forty when terminated; (2) she suffered an adverse employment action when the Defendant terminated her; (3) she was qualified for the open Case Management RN position given that the Defendant originally offered her the position and she met the requirements listed in the job posting; and (4)

- 7 -

Defendant retained another RN in her 40's who had been employed in the same position as Plaintiff at the Trauma Center Performance Improvement Coordinator when the Defendant ended the program. (Doc. 1). These are factual allegations, not legal conclusions for the court to strip away from the complaint, contrary to Defendant's assertions. And these allegations state a claim for relief under the ADEA that is plausible on its face and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Martinez*, 986 F.3d at 365 (citing *Twombly*, 550 U.S. at 555). Thus, Plaintiff pleaded enough to survive a motion to dismiss.

## IV.   CONCLUSION

In light of the foregoing, the court will **DENY** Defendant's motion to dismiss, (Doc. 8). An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 24, 2023**
22-1151-01